UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS FRANK DICKERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4651** |
| **SHERIFF RODNEY J. STRAIN/DR. INGLESE** | **SECTION "S"(1)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A, and as applicable, Title 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that a portion of this matter can be disposed of without an evidentiary hearing.

### I. Factual and Procedural Background

The plaintiff, Dennis Frank Dickerson, is incarcerated in the St. Tammany Parish Jail in Covington, Louisiana.[1] He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Sheriff Rodney Jack Strain, Jr., Dr. Inglese, and Dr. French seeking monetary damages and adequate medical care.

---

[1] Rec. Doc. No. 1, p. 2.

Dickerson alleges that he was booked into the St. Tammany Parish Jail on July 31, 2008. He claims that he filed a sick call slip and was seen by Dr. French at the jail on August 5, 2008. The doctor prescribed Gabapentin 900 mg,[2] three times per day, for pain and Flexeril 10 mg., three times per day, for muscle spasms, arising from broken neck vertebrae at C2, C5 and C7.

The plaintiff further alleges that, on August 10, 2008, he slipped and fell on a wet floor on the A-200 tier of the jail. He claims that he "busted" the back of his head and re-injured his neck. Dickerson states that he was taken to the St. Tammany Parish Hospital where he received five staples for the injury to his head. He further claims to still be in chronic pain and to be suffering with severe muscle spasms.

The plaintiff also alleges that, on August 12, 2008, he injured his left wrist at the jail. He claims that he was taken to the prison medical unit where he was seen by Dr. Inglese. Dickerson alleges that Dr. Inglese discontinued the Flexeril and changed the Gabapentin to 300 mg., three times per day, which has caused him to suffer pain and continued muscle spasms.

Dickerson further claims that, between August 12, 2008, and September 3, 2008, Dr. Inglese and Dr. French failed to adequately treat him for, and diagnose the source of, the pain and muscle spasms. After he filed another sick call on September 3, 2008, Dickerson states that he was seen by Dr. Inglese, who discontinued all of his medication. Dickerson claims that he suffered with pain and spasms for another 23 days, until September 26, 2008, when Dr. Inglese prescribed Tylenol and Motrin. He alleges that this medication was prescribed after he and his mother filed grievance complaints about his medical care.

---

[2]Gabapentin is an anticonvulsant that is used for preventing seizures and for treating postherpetic neuralgia. http://www.medicinenet.com/gabapentin/article.htm

The plaintiff also indicates that he told Dr. Inglese that he would be hearing from his regular doctor and his attorney. Dr. Inglese reportedly laughed and told plaintiff that no one would believe him. Plaintiff asserts that Dr. Inglese holds a personal grudge against him because his fiancee was employed at the jail. Dickerson seeks $400,000 in damages and adequate medical care.

On January 13, 2009, the undersigned held a preliminary conference by telephone with the plaintiff and counsel for defendants participating.[3] During the conference, Dickerson advised the Court of his intention to dismiss Sheriff Rodney Jack Strain, Jr. and to amend his complaint to include Warden Al Strain as a defendant. The Court granted Dickerson leave to amend his complaint and accepted his request in part as a motion to voluntarily dismiss Sheriff Strain from this case.[4] The Court now recommends that Dickerson's motion to voluntarily dismiss Sheriff Strain be granted and that Sheriff Strain be dismissed from this case.

## II. Voluntary Dismissal

Pursuant to Fed. R. Civ. P. 41(a)(2), once the defendants have responded to a complaint, as they have here, a plaintiff's action shall not be voluntarily dismissed except by order of the Court when the defendant will suffer no legal prejudice. Ikospentakis v. Thalassic Steamship Agency, 915 F.2d 176, 177 (5th Cir. 1990). In this case, Dickerson made his oral request to dismiss Sheriff Strain during a telephone conference with the Court and defense counsel. Defense counsel did not voice any objection or indicate that any prejudice would occur if Sheriff Strain is dismissed from this case. Having reviewed the record, the Court finds no apparent prejudice to the defendants if Dickerson's request is granted.

---

[3] Rec. Doc. No. 13.

[4] Id.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Dickerson's oral motion to voluntarily dismiss Sheriff Rodney Jack Strain, Jr., be **GRANTED** and that the claims against Sheriff Strain be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_17th\_\_\_ day of February, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**