## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**DENNIS FRANK DICKERSON**                                       **CIVIL ACTION**

**VERSUS**                                                       **NO. 08-4651**

**RODNEY JACK STRAIN, JR., ET AL.**                              **SECT. S, MAG. 1**

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THIS HONORABLE COURT:**

This memorandum is submitted in support of the Motion for Summary Judgment filed on behalf of defendants Al Strain, Warden of St. Tammany Parish, Dr. Richard Inglese, Medical Director of the St. Tammany Parish Jail, and Dr. French. It is respectfully submitted that this motion brought on behalf of defendants should be granted because the pleadings and affidavits submitted in support of this motion and on file with this Court show that there is no material issue of fact and defendants are entitled to Judgment as a matter of law.

# I.     <u>FACTS</u>

Plaintiff Dennis Frank Dickerson filed this federal *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging in his complaint that he has been denied proper medical treatment while incarcerated at the St. Tammany Parish Jail.

Plaintiff specifically alleges that he was booked into the St. Tammany Parish Jail on July 31, 2008 and was seen by Dr. French shortly after his arrival on August 5, 2008.  Plaintiff claims that during this visit, Dr. French prescribed him numerous medications for his broken neck that he had previous to his arrival at the jail.  Plaintiff also claims that on August 10, 2008, he slipped and fell in the wet floor in the tier area and "busted" the back of his head and was taken to St. Tammany Parish Hospital for treatment.  Plaintiff further claims that on August 12, 2008, he injured his left wrist and was taken to medical and at which time Dr. Inglese ordered that his medication by taken away, alleging specifically that Dr. Inglese discontinued his Flexeril and cut back his pain medication that he had been prescribed.    Plaintiff's claims that he was seen again by Dr. Inglese on September 3, 2008, at which time all his medications were taken away and were not returned until September 26, 2008.  It is clear by a reading of plaintiff's complaint that he does not allege that he has not received medical treatment while incarcerated at the St. Tammany Parish Jail, but to the contrary, that he received medical treatment but disagrees with that treatment.

Plaintiff correctly pleads in his original complaint that there was a grievance procedure in place at the jail (Paragraph IIA of plaintiff's complaint) and alleges that he has presented the facts relating to his complaint through the jail's grievance procedure (Paragraph IIB of plaintiff's complaint).  Plaintiff answers "N/A" to Paragraph IIC which asked plaintiff to give the specific steps that were taken in the grievance procedure and what were the results.   In addition, plaintiff

fails to "[a]ttach a copy of each prison response and/or decision rendered in the administrative proceeding" as required by the *pro se* complaint form.   It is an undisputed fact that there was an administrative grievance procedure at the St. Tammany Parish Jail at the time plaintiff filed his lawsuit and it is also an undisputed fact that plaintiff failed to complete <u>all</u> steps of the procedure prior to filing the lawsuit; therefore, it is clear that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C § 1997e(a) prior to filing his lawsuit.

In addition to failing to exhaust his administrative remedies, plaintiff's claim that he was denied proper medical treatment still fails against these defendants because the undisputed facts show that he cannot prove a violation of his civil rights.   Furthermore, the uncontested facts show that plaintiff was not denied proper medical treatment, but to the contrary, the plaintiff received appropriate medical care.

Under the policies and procedures of the St. Tammany Parish Jail, an inmate can request medical attention from the medical department in several different ways, including filling out a medical request form and dropping it in a box where the forms are then picked up by the medical department and not seen by any deputy, by asking a deputy to be taken to the medical department, or by asking a nurse from the medical department who comes on each tier or dormitory of the jail three times a day.   The St. Tammany Parish Jail has a complaint procedure and grievance procedure in place and any complaint or grievance received concerning medical treatment provided to inmates at the St. Tammany Parish Jail is forwarded directly to the medical department for their response in accordance with the jail's grievance procedure.

Since St. Tammany Parish Sheriff's deputies do not make medical decisions concerning medical treatment provided to inmates at the jail, any grievance received concerning medical treatment provided to inmates at the St. Tammany Parish Jail is forwarded directly to the medical department for their response in accordance with the jail's grievance procedure.

In addition, plaintiff makes no allegation that defendant Al Strain was personally involved in any decision concerning his medical treatment or as to whether he had been seen by anyone from the medical department.  Plaintiff does not claim that anyone under the supervision of Warden Al Strain failed to transport him to any scheduled appointment or interfered in the medical treatment provided to him by the medical staff at the jail.  A clear reading of plaintiff's complaint clearly shows that he has received medical treatment while in the jail, but does not like the treatment he has received.

The affidavit of Dr. Richard D. Inglese clearly establishes that plaintiff Dennis Frank Dickerson did in fact receive appropriate medical care and plaintiff's jail medical records show that he was seen numerous times by doctors and other medical personnel who were not indifferent to his medical needs.  Furthermore, the affidavit shows that defendant Al Strain was not personally involved in making decisions on what type of medical treatment he would receive.

Defendants respectfully bring this motion to show this Court that they are entitled to judgment as a matter of law on plaintiff's denial of proper medical treatment claims.  In support of this motion, defendants have submitted the following documents as exhibits:

A.  A certified copy of the St. Tammany Parish Jail medical records of plaintiff Dennis Frank Dickerson (previously filed into the record);

B.  A certified copy of the St. Tammany Parish Jail Administrative file of inmate Dennis Frank Dickerson;

C.  Affidavit of Dr. Richard D. Inglese;

D.  Affidavit of Warden Greg Longino with attached copy of the summary of complaint procedure and grievance procedure in place in July 2008 to present, and blank complaint form and forms used in the grievance process.

These documents show that there is no genuine issue as to material fact over whether inmate Dennis Frank Dickerson exhausted the administrative remedies that were available to him

prior to filing his lawsuit.  The affidavits of Warden Longino and Dr. Inglese, plaintiff's jail administrative file establish without doubt that plaintiff failed to exhaust his administrative remedies concerning his denial of medical treatment prior to filing his lawsuit.  Therefore, defendants' motion for summary judgment should be granted and plaintiff's claims against defendants Al Strain, Dr. Richard Inglese and Dr. French should be dismissed.

## II.   LAW AND ARGUMENT

### A.   STANDARD FOR GRANTING SUMMARY JUDGMENT

Summary Judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); and *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2305, 91 L.Ed. 202 (1986).  The *Celotex* case makes it absolutely clear that after adequate time for discovery, summary judgment should be granted when plaintiff has failed to establish an element essential to the claim and there are no genuine issues of material fact:

> In our view, the plain language of Rule 56c mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex* at 273.

It is respectfully submitted that summary judgment should be granted since plaintiff has failed to present any facts, through discovery or otherwise, to support his claim that he was denied proper medical treatment.  In addition, plaintiff has failed to prove that he had exhausted all administrative remedies available to him as required by 42 U.S.C. § 1997e(a) before filing his

federal lawsuit.  Clearly, plaintiff has established no genuine issue of material fact in this matter to support his claims against these defendants and therefore, defendants are entitled to summary judgment as a matter of law.

### B.   PLAINTIFF FAILED TO EXHAUST <u>ALL</u> ADMINISTRATIVE REMEDIES AVAILABLE TO HIM BEFORE FILING SUIT

As shown by plaintiff's jail medical record and the affidavit of Warden Longino (Exhibit C), plaintiff has failed to exhaust <u>all</u> the administrative remedies available to him at the St. Tammany Parish Jail before filing his complaint.   The applicable provision of the Prison Litigation Reform Act of 1996 is 42 U.S.C. § 1997e(a), which reads as follows:

> No action shall be brought with respect to prison conditions under § 1983 of this title or any other law or any other Federal law by a prisoner confined in a jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), the Fifth Circuit, while holding that the requirement to exhaust administrative remedies was not jurisdictional, held that if a plaintiff had not exhausted his administrative remedies, dismissal **with prejudice** was the correct action under the statute.   The court pointed out that if a plaintiff filed suit before exhausting his administrative remedies, then plaintiff sought relief to which he was not entitled.

The Fifth Circuit in *Wendell v. Asher,* 162 F.3d 887 (5th Cir. 1998), held that "prison condition" actions required the application of the exhaustion requirements set forth in § 1997e(a).   In *Booth v. Churner,* 532 U.S. 731; 121 S.Ct. 1819; 149 L.Ed.2d 958 (2001), the Supreme Court upheld the district court's dismissal of plaintiff's § 1983 by holding that exhaustion of all remedies was mandatory prior to filing his suit.   The Court further held that exhaustion was required regardless of the relief available or sought.

Although *Booth* is a case dealing with a prisoner's excessive force claim, the Fifth Circuit has made it clear on several occasions that *Booth* expressed that exhaustion of available remedies are required regardless of the nature of the prisoner's claim about the correctional facility and regardless of the relief the prisoner seeks:

> Quibbles about the nature of a prisoner's complaint, the type of complaint, the type of remedy sought, and the sufficiency or breadths of prison grievance procedures were laid to rest in *Booth.*

*Wright v. Hollingsworth,* 260 F.3d 357 (5th Cir. 2001).

The United States Supreme Court in *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), made it clear that in cases involving a prisoner's condition of confinement, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  The Fifth Circuit cites *Porter* in its decision in *Clifford v. Gibbs, et al.,* 2002 U.S. App. LEXIS 13903, *citing Porter v. Nussle,* 534 U.S. 516 (2002), affirming this Court's decision dismissing a failure to protect case for failure to exhaust administrative remedies.

Plaintiff correctly asserts in his complaint that there was a prisoner grievance procedure in place at the St. Tammany Parish Jail and further claims that he presented the facts relating to his complaint through the jail's administrative grievance procedure but fails to attach any response or decision rendered in the administrative proceedings as instructed by the *pro se* complaint form.  Plaintiff even admits in his complaint that he did not follow the steps of the jail's administrative remedy procedure by asserting that he received "no response/ignored" when asked to explain why he did not file an administrative grievance.

Plaintiff's jail administrative file and affidavit of Warden Longino clearly establish that plaintiff never submitted a grievance concerning any of the claims brought forth in this lawsuit. In fact, plaintiff submitted only one handwritten complaint on August 25, 2008, which referred

to his alleged slip and fall on August 10, 2008, wherein he is requesting pain and spasm medications.  Dr. Escobar responded to the complaint the next day stating that inmate Dickerson was in fact receiving all the pain medications he had been prescribed by the doctors.  Inmate Dickerson did not challenge Escobar's response by filing a grievance regarding his concerns addressed in his complaint as required by the jail's administrative remedy procedure.  In fact, inmate Dickerson did not file any grievance in accordance with the ARP requirements concerning any issue raised in this lawsuit.

As stated in the affidavit of Warden Longino, the St. Tammany Parish Jail had an inmate complaint procedure and an administrative remedy procedure in place at the St. Tammany Parish Jail at the time the alleged incident occurred and that these procedures are found in the inmate handbook that is given to every inmate that is booked into the St. Tammany Parish Jail.  Warden Longino's affidavit further establishes that both the complaint procedure and grievance procedure are also posted in every housing unit at the jail, including the housing unit where inmate Dickerson was housed at the St. Tammany Parish Jail from July-September, 2008.  In addition, the affidavit of Warden Longino establishes that at the time the events giving rise to this lawsuit occurred, copies of the complaint forms and grievance forms were available in all housing areas of the jail, including the area where Dickerson was being housed.

The facts are clear that although plaintiff submitted several request medical forms concerning the medical treatment he was receiving at the St. Tammany Parish Jail (See, Exhibit A), plaintiff submitted only one complaint concerning any of claims brought forth in his lawsuit and never submitted a grievance or appeal of any such grievance concerning any of his claims regarding medical treatment or lack thereof.  These facts are supported by the affidavits of Dr. Richard Inglese and Warden Greg Longino.  Although plaintiff alleges in his complaint that he submitted a grievance concerning his claim, plaintiff's jail medical record contains no such

8

grievance.  Even if plaintiff had filed an administrative grievance as he alleges in his lawsuit, the filing of grievance only initiates the jail's grievance process.  Furthermore, Warden Longino denies in his affidavit ever receiving the purported grievance and it is an undisputed fact that plaintiff did not appeal the Warden's response to the grievance (or lack thereof) and the filing of this alleged grievance at most initiated the grievance process.  This fact is further supported by Warden Longino's affidavit as well as plaintiff's jail administrative file and jail medical records, all of which clearly establish that plaintiff failed to comply with the provisions of 42 U.S.C. § 1997e(a) since he did not exhaust all his available remedies before filing his lawsuit.

Even assuming that plaintiff's claim that plaintiff had filed a grievance (which is denied), the filing of the purported grievance at most *initiated* the grievance procedure; however, it did not *exhaust* his remedies as required by 42 U.S.C. 1997e(a).  In *Underwood v. Wilson,* 151 F.3d 292, 294, (5th Cir. 1998)(*quoting* Webster's New Int'l Dictionary 796, (3rd ed. 1981)), the Fifth Circuit defined *exhaust* as "to take complete advantage of (legal remedies)."   Clearly, the filing of a First Step grievance does not constitute exhaustion since § 1997e(a) requires that an inmate "pursue the grievance remedy through conclusion" in a multi-step grievance process.  *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001).

This Court agreed that failure to receive a response does not relieve a prisoner from his obligation to pursue all available administrative remedies to their conclusion and granted defendants' motion for summary judgment and dismissed plaintiff's case based on plaintiff's failure to exhaust his administrative remedies and held as follows:

> **To allow plaintiff, who clearly did not proceed beyond the first step of the multi-step administrative remedy procedure, to proceed directly to federal court would undermine the congressional intent of § 1997e(a).**

*Cassisi v. St. Tammany Parish Medical Staff, et al.,* USDC, Eastern District, No. 01-3452 "J" (1) (emphasis supplied).

It is an undisputed fact that even if plaintiff had filed a grievance concerning his denial of medical treatment claims (which is denied), plaintiff failed to pursue any supposed grievance to the next step of the grievance process.  Therefore, it is clear that this Court should hold the same in the instant case and grant defendants' motion for summary judgment and dismiss plaintiff's claims.

## C.  PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS THAT WOULD ESTABLISH A CIVIL RIGHTS CLAIM UNDER § 1983

Defendants are entitled to summary judgment not only on the issue of plaintiff's failure to exhaust his administrative remedies, but also because the uncontested facts clearly show that plaintiff cannot prove that his civil rights were violated.  The uncontested facts show that plaintiff was not denied proper medical treatment, but in fact received appropriate medical care. (*See*, Dr. Inglese's affidavit, Exhibit C).

Moreover, plaintiff fails to make any factual allegations that would allege a civil rights suit under 42 U.S.C. § 1983 regarding his denied medical treatment claims.  Plaintiff merely alleges facts that would at best constitute a state negligence medical malpractice case.  However, the civil rights laws should not be used as a substitute for a negligent medical malpractice case, which is exactly what plaintiff is trying to do in this case.  *Estelle v. Gamble,* 429 U.S. 97 (1976), *Hall v. Thomas*, 190 F.3d 693, 1999 WL 766347 (5th Cir. 1999).  In addition, the due process clause of the Fourteenth Amendment is simply not implicated by allegations of ordinary negligence.  *Daniel v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 663, 88 L. Ed. 2d 662, 666 (1986).

Dr. Inglese's affidavit clearly shows that plaintiff Dennis Frank Dickerson received appropriate medical care while incarcerated at the St. Tammany Parish Jail and that his dispute is over his medical treatment that he received.  Cleary, there is no indication that the doctors or other medical personnel acted with deliberate indifference toward plaintiff's medical needs.  At

best, plaintiff has a state court malpractice claim against the doctors and this is the exact type of claim that *Estelle, v. Gamble, supra,* said could not be brought in federal court under § 1983.

In addition, plaintiff has made no factual allegations in his complaint against defendant Al Strain, former Warden of the St. Tammany Parish Jail, nor does he allege that this defendant was personally involved in the incident upon which plaintiff's lawsuit is based.  Furthermore, plaintiff has not alleged that defendants adopted or implemented a policy that denied him medical care.  Plaintiff's allegation is at best that he received medical care with which he disagrees and therefore, plaintiff has failed to state a claim under § 1983 and has not set forth any basis for Federal Subject Matter Jurisdiction.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully submitted that this Motion for Summary Judgment should be granted and a judgment should be entered dismissing all of plaintiff's claims against defendants Al Strain, former Warden of the St. Tammany Parish Jail, Dr. Richard Inglese and Dr. French with prejudice at plaintiff's cost.

Respectfully submitted,

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY:   /s/ R. BRADLEY LEWIS
       **R. BRADLEY LEWIS (T.A.) (#8657)**
       2250 7th Street
       Mandeville, LA  70471
       (985) 624-5010
       rbl@tahk.net
       ATTORNEYS FOR DEFENDANTS

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 14, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participant: Dennis Frank Dickerson, DOC#412905 St. Tammany Parish Jail, P.O. Box 908, Covington, Louisiana, 70434.

/s/ R. BRADLEY LEWIS

R. BRADLEY LEWIS
